In the Matter of Charles H. Tressler.

Argued May 7, 1934. Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

2

James L. Colbert, for appellant.

Vincent A. Baldauf, for appellee.

PER CURIAM, July 13, 1934:

Charles H. Tressler is a war veteran, injured in the service. On November 19, 1930, the court of Centre County declared him incompetent to manage his affairs and appointed a guardian. Successively a number of people were appointed guardians and petitions were presented to the court to have the guardian removed and Tressler declared able to manage his own affairs.

The history of the case is quite complex and it is not necessary to set it out in detail. On August 30, 1933, a petition was presented and after hearing, dismissed. On October 26, 1933, a petition for the discharge of the guardian was presented and on November 3, 1933, refused. This was followed by a petition on November 10, 1933, which was on December 18, 1933, refused, and from the latter, an appeal was taken.

There is no question that under the Act of Assembly of 1907, P. L. 292, Sec. 7, the person who is declared incompetent may "at any time after the decree has been entered," ask to have a discharge of his guardian and a finding in the court that he has regained his ability to take care of his property. This does not imply that the ward can annoy the court by frequent applications. There is nothing before us that would indicate that there has been any abuse of discretion in the action of the lower court. The man each month gets his full allotment, except so much as the court has ordered for the support of his wife. He is not hurt by the delay, except insofar that if he is of sound mind and capable of managing his affairs, he is entitled to be declared so by the court, but the court may

interpose a reasonable time in which the matter may remain in abeyance. No doubt the way may be opened for this man after a reasonable time has elapsed to again petition the court, but we cannot convict the court of any abuse of discretion for refusing to consider a petition that was presented so soon after one had been refused.

The judgment of the lower court is affirmed.